

ENTERED
12/11/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ROBERT RANDALL LONG; dba RANDALL | § | CASE NO: 06-35562 |
| LONG CORPORATION | § | |
|     Debtor | § | |
| | § | CHAPTER  7 |
| | § | |
| UNITED WELDING SUPPLIES, INC. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 07-03285 |
| | § | |
| ROBERT RANDALL LONG | § | |
|     Defendant | § | |

## MEMORANDUM OPINION

### Background

Plaintiff United Welding Supplies, Inc. ("United") sold goods and services to defendant Robert Randall Long ("Long").  Long did not pay his outstanding invoices.  United filed a state court lawsuit to recover the unpaid debt.  Long contended that another entity owed the debt and submitted documents purporting to support his position.  The state court found that the documents were forgeries.  The case was tried to a jury.  The jury found that Long committed fraud and that United's damages arose from fraud committed with malice.  On September 26, 2002, the state court issued a judgment based on the jury verdict and in United's favor.  The court's judgment awarded United the following amounts:

● $4,274.02 for actual damages.

● $20,000.00 for attorney's fees incurred through the judgment date.

● $30,000.00 for exemplary damages.

● prejudgment interest of 18% on the amounts awarded for actual damages and attorney's fees.

1

● postjudgment interest of 10% on all amounts awarded.

● $10,000.00 for attorney's fees if defendant appeals and is unsuccessful.

● $45,000.00 in sanctions for submitting forged documents to the court.

Long appealed the judgment.  On May 25, 2006, the Texas First District Court of Appeals affirmed the lower court judgment in all respects except the sanctions.  The Court stated: "It is therefore considered, adjudged, and ordered that the portion of the judgment of the court below awarding sanctions be reversed and remanded for redetermination upon consideration of conduct that occurred only after the commencement of trial and that *the judgment of the court below be in all other things affirmed*." (emphasis added). The lower court had sanctioned Long for submitting forged documents during discovery and during trial.  The Court of Appeals held that sanctions were only appropriate for forgeries submitted at trial. Sanctions for forgeries submitted before trial were improper because United failed to timely file a motion for sanctions for the pre-trial misconduct.

On October 14, 2006, Long filed a chapter 7 bankruptcy petition.  Long's schedules listed United as an unsecured creditor holding a claim of an unknown amount.  On June 13, 2007, United filed an adversary proceeding objecting to the dischargeability of the state court judgment.  United alleges that the debt is excepted from discharge under § 523(a)(2)(A) and § 523(a)(6).  On October 29, 2007, United filed a motion for summary judgment.  United claims that collateral estoppel precludes Long from challenging the debt's dischargeability because the dischargeability issues were previously litigated and determined in state court.

The Court grants United's motion for summary judgment.

**Jurisdiction and Venue**

This Court has jurisdiction of this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 § U.S.C. 157. Venue is proper in this District pursuant to 28 U.S.C. §1409.

**Summary Judgment Standard**

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with

specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

### Collateral Estoppel

Collateral estoppel, also known as issue preclusion, precludes a party from re-litigating an issue when the issue "has once been determined by a valid and final judgment." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)); *Quinney Elec., Inc. v. Kondos Entm't, Inc.* 988 S.W.2d 212, 213 (Tex. 1999). Collateral estoppel has a narrower scope than res judicata. Res judicata bars relitigation of any claim or issue that *should* have been litigated in a prior action, regardless of whether a particular claim or issue was *actually* litigated. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992); *In re Davenport*, 353 B.R. 150, 191 (Bankr. S.D. Tex. 2006). Collateral estoppel precludes "only the relitigation of issues which were actually litigated in a prior suit." *Nu-Way Energy*, 205 S.W.3d 667, 677 (Tex. App.—Waco 2006) (citing *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985).

State and federal courts have offered different formulations of collateral estoppel. Pursuant to 28 U.S.C. § 1738, the "full faith and credit statute," state law applies when a party asserts collateral estoppel based on a prior state court judgment. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *In re Miller*, 156 F.3d 598, 601–02 (5th Cir. 1998); *In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996); *In re Davenport*, 353 B.R. 150, 191 (Bankr. S.D. Tex. 2006). United's judgment against Long was issued by a Texas state court.

"Accordingly, we must look to the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect." *In re Gober*, 100 F.3d at 1201 (citing *Marrese*, 470 U.S. at 380).

Under Texas law, collateral estoppel bars relitigation of issues when: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Nu-Way Energy Corp.*, 205 S.W.3d at 677 (quoting *Sysco Food Services., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)); *James v. City of Houston*, 138 S.W.3d 433, 437 (Tex. App.—Houston[14th Dist.] 2004).  Collateral estoppel may apply "'regardless of whether the second suit is based upon the same cause of action.'" *In re Gober*, 100 F.3d at 1201 (quoting *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984) (reversed on other grounds). Additionally, the doctrine only applies to issues and claims previously litigated in a dispute that ended in a "final judgment" on the merits. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986); *Tyler v. State*, 2007 WL 2323954, No. 09-06-207 CR, at * 1 (Tex. App.—Beaumont August 15, 2007) (citing *Ash v. Swenson*, 397 U.S. 436 (1970); *Texas v. Wellington Resources Corp.*, 706 F.2d 533, 536–37 (5th Cir. 1983); *In re Davenport*, 353 B.R. 150, 192 (Bank. S.D. Tex. 2006).

Collateral estoppel applies to dischargeability adversary proceedings raised in bankruptcy courts, "although the bankruptcy court retains exclusive jurisdiction to ultimately determine the dischargeability of the debt." *In re Gober*, 100 F.3d at 1201 (citing *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991)); *In re Garner*, 56 F.3d 677, 681 (5th Cir. 1995); *In re Shuler*, 722 F.2d 1253, 1255 (5th Cir. 1984), *cert denied*, 469 U.S. 817 (1984).

**Analysis**

Long contends that the state court judgment does not have a collateral estoppel effect on United's 523(a) adversary proceeding on two bases: the state court judgment was not "final," and the adversary proceeding raises an issue not litigated in the state court.  The Court considers the contentions separately.

**i. Finality.**

"The term 'final judgment' applies differently in different contexts." *Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988).  "A judgment is 'final' for purposes of appellate jurisdiction if it disposes all issues and parties in a case." *Id.* "The term 'final judgment' is also used with reference to the time when trial or appellate court power to alter the judgment ends, or when the judgment becomes operative for the purposes of res judicata." *Id.*

The Texas Supreme Court has adopted the federal standard for defining "final" judgments with respect to collateral estoppel. *Scurlock Oil Co. v. Smithwick*, 724 S.W. 2d 1, 6 (Tex. 1986).

Some federal circuit courts have adopted a finality standard with respect to collateral estoppel that merely asks if there are any legitimate reasons for relitigating an issue previously adjudicated in a lower court.  The Second Circuit's often cited *Lummus* case held:

> Whether a judgment, not 'final' in the sense of 28 U.S.C. § 1291, ought nevertheless be considered 'final' in the sense of precluding further litigation of the same issue, turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review.  'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it be litigated again.

*Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2nd Cir. 1961), *cert. denied*, 368 U.S. 986 (1962). *See also In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d

763, 767–69 (7th Cir. 2003); *John Morrell & Co. v. Local Union 304A*, 913 F.2d 544, 563 (8th Cir. 1990); MOORE'S FEDERAL PRACTICE, § 132.03[5][b] (3rd ed. 2007). The Fifth Circuit has expressed reservations about this standard, at least with respect to interlocutory orders that are not yet ripe for appeal and over which the lower court retains plenary power. *Avondale Shipyards Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986); *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985).

Nevertheless, the Texas Supreme Court and the Fifth Circuit have established that, for purposes of collateral estoppel, a judgment may be final even though an appeal is pending or a lower court has yet to fully dispose of the matter from which the issue arises. In *Scurlock Oil Co.*, the Texas Supreme Court held that "a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial *de novo*.'" *Scurlock Oil Co.*, 724 S.W. 2d at 6 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982)); *Davenport*, 353 B.R. at 192. In *Scurlock*, the Texas Supreme Court noted:

> In this age of complex litigation, with multiple suits often arising from one occurrence, it ordinarily makes no sense to relitigate the same issues between the same parties, with the possibility of inconsistent results. Once litigated in a fair forum, that result should be binding.

*Scurlock Oil Co.*, 724 S.W.2d at 6.

Additionally, collateral estoppel, "unlike appealability under 28 U.S.C. § 1291, does not require a judgment that ends the litigation and leaves nothing for the court to do but execute a judgment." MOORE'S FEDERAL PRACTICE, 132.03[5][b][i] (3rd ed. 2007). The Fifth Circuit has applied a flexible "final" judgment standard to issues that "were fully treated in both the state trial and appellate courts." *Avondale Shipyards Inc.*, 786 F.2d at 1271 n. 7 (quoting *Pye v. Dep't of Transp. of State of Georgia*, 513 F.2d 290, 292 (5th Cir. 1975)). The Fifth Circuit has held

7

that "[t]o be final a judgment does not have to dispose of all matters involved in the proceeding."

*Pye*, 513 F.2d at 292 (quoting *Kurlan v. C.I.R.*, 343 F.2d 625, 628–29 & n.1 (2nd Cir. 1965)).

Ultimately, a final judgment "generally is one which ends the litigation on the merits and leaves

nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S.

463, 467 (1978).

The state court judgment is a "final" judgment for purposes of collateral estoppel.  Long

does not contend nor is there any basis to contend that the judgment is being appealed in a

manner that constitutes a trial *de novo*.  The state court judgment is not being appealed at all.

Rather, the judgment has already been appealed and affirmed in all respects except the sanctions.

The merits of the judgment have been fully adjudicated and affirmed by an appellate court.  The

lower court's judgment on the merits is not affected by the appellate ruling.[1]  The lower court

may yet adjust the sanctions award, but such continuing jurisdiction over the case does not

include authority to modify the substantive judgment following the appellate court's affirmance

of the balance of the lower court's judgment.  The fact that the lower court still retains

jurisdiction over a matter ancillary to the merits does not strip the judgment on the merits,

affirmed by an appellate court, of finality.  A final judgment "generally is one which ends the

litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers*

*& Lybrand*, 437 U.S. at 467.  The lower court's judgment ended the litigation with respect to the

matters at issue in this court.  Subsequent to appeal, the lower court only needs to execute an

---

[1] The lower court may issue a new judgment supplanting the prior judgment.  Nevertheless, the lower court's conclusions on the merits would not be altered.  The fact that the court's resolutions of the merits may be repeated on a second piece of paper should not preclude the prior judgment from being a 'final' judgment for collateral estoppel purposes.  The court's judgments on the merits were affirmed and are no longer open for debate.  The Texas Supreme Court has already noted the need to refrain from unduly constraining collateral estoppel's scope. *Scurlock Oil Co.*, 724 S.W.3d at 6.

amended judgment revising a sanction issued for conduct independent of the fraud that forms the subject of the adversary proceeding before this Court.

In *Pye*, the Fifth Circuit applied res judicata to a factual scenario similar to the present adversary proceeding. *Pye*, 513 F.2d at 292. In *Pye*, the state court issued a judgment resolving the merits of the dispute but reserving the damages determination. *Id.* at 291. The State Supreme Court affirmed the merits decision but remanded the case to determine damages. *Id.* Plaintiff later brought suit in a federal district court. *Id*. The District Court held that the prior state court action precluded plaintiff from relitigating the merit-based claims decided by the state court. *Id.* Plaintiff appealed, contending that the state court judgment did not have res judicata effect. *Id*. Plaintiff, like Long, contended that the judgment was not "final" because the state court retained jurisdiction to consider damages. *Id.* at 292. The Fifth Circuit held that the lower court's continuing jurisdiction to determine damages did not deprive the judgment on the merits of finality for the purposes of issue preclusion. *Id.* The Court noted that "[t]o be final a judgment does not have to dispose of all matters involved in the proceeding." *Id.* (quoting *Kurlan v. C.I.R.*, 343 F.2d 625, 628–29 & n.1 (2nd Cir. 1965)).

Long contends that the state court judgment was not "final" because the lower court must still consider appropriate sanctions pursuant to the appellate court's remand.[2]  Consequently, Long contends that the lower court retains plenary power to change its judgment and a judgment can not be "final" before the lower court's plenary power is extinguished.  Long cites *Thomas v.*

---

[2] Long also contends that the lower court reserved power to consider additional sanctions not contained within the original judgment.  The language in the judgment does not support this contention.  The relevant provision states: "The Court reserves the finding of whether or not this is the first instance in which the defendant, Robert R. Long d/b/a MWT, has conducted himself in this manner." The Court does not interpret this language as suggesting that the lower court intended to reconsider pretrial and trial misconduct at a later date and issue a second and separate judgment.  The Court interprets the language to mean that the lower court based its sanction decision on a single instance of misconduct and did not feel obliged to consider other possible instances to sustain its judgment. Regardless, the provision does not affect this Court's application of issue preclusion for the reasons stated in this opinion.

*Oldman* and Rule 329 of the Texas Rules of Civil Procedure in support of his proposition.  Long

misinterprets *Thomas*. 895 S.W.2d 352 (Tex. 1995). *Thomas* discusses the Texas Torts Claim

Act and whether the act bars concurrent judgments against government employers and

employees. *Id*. at 356. The Court noted that an "action" does not end until the lower court loses

plenary power over the action. *Id*. The Court said nothing about what constitutes a "final"

judgment.

Long's Rule 329 argument is misplaced.  Rule 329 provides deadlines for filing appeals.

Tex. R. Civ. P. 329.  The rule provides that if a judgment is "modified, corrected, or reformed *in*

*any respect*, the time for appeal shall run from the time the modified, corrected, or reformed

judgment is signed . . ." *Id*. (emphasis added).  Long reasons that if the judgment can be

"reformed in any respect," then the judgment can not be final.  However, United's judgment can

not be reformed in any respect.  United's judgment was affirmed in *all respects* except the

sanction.  United's judgment with respect to fraud and malicious injury are no longer subject to

modification.

### ii. Similarity of Issues.

Second, Long contends that the state court did not adjudicate all issues necessary for a

523(a) determination.  Long contends that 523(a)(2)(A) and 523(a)(6) require United to prove

elements that were not considered by the state court in reaching its judgment.  The state court

found that United relied upon Long's misrepresentations, but did not specifically find that that

the reliance was "reasonable." Long contends that 523(a)(2)(A) requires United to prove

"reasonable" reliance.

Section 523(a) proceedings apply federal law that should normally be adjudicated by

bankruptcy courts. *Brown v. Felsen*, 442 U.S. 127, 129 (1979); *Davenport*, 353 B.R. at 193.  In

10

*Brown* and subsequent Fifth Circuit opinions, the courts have clarified that bankruptcy courts are not wholly bound by state court judgments. *Brown*, 442 U.S. at 138–39; *In re Shuler*, 722 F.2d at 1255 (citing *Carey Lumber v. Bell*, 615 F.2d 370, 377 (5th Cir. 1980)). Section 523(a) adversary proceedings often raise issues and elements not considered in the state court action. Consequently, bankruptcy courts may look beyond the state court judgment and consider the underlying facts of that judgment to determine whether the debt is dischargeable under § 523(a).

However, collateral estoppel applies to § 523(a) adversary proceedings. *Grogan v. Garner*, 498 U.S. at 284 n.11; *Davenport*, 353 B.R. at 193.  To the extent that facts and issues necessary for a § 523(a) determination were not made in reaching the state court judgment, bankruptcy courts should look beyond the judgment and undertake an independent evaluation. However, if facts and issues necessary to make a § 523(a) determination were "actually and necessarily litigated," collateral estoppel bars bankruptcy courts from reconsidering the same facts and issues in a § 523(a) proceeding. *Davenport*, 353 B.R. at 193 (citing *In re Shuler*, 722 F.2d at 1256) (citing *Franks v. Thomason*, 4 B.R. at 814, 820–21 (Bankr. N.D. Ga. 1980) and *In re Poston*, 735 F.2d 866, 869 (5th Cir. 1984)).

The issues and facts necessary to adjudicate the 523(a) objections raised by United were "fully and fairly litigated" in the state court action.

### A. 11 U.S.C. 523(a)(2)(A).

Section 523(a)(2)(A) excepts from discharges debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by — (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) fraud requires the movant to establish a misrepresentation consisting of: "(1) knowing and fraudulent falsehoods, (2)

11

describing past or current facts, (3) that were relied upon by the other party." *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). A "promise to perform acts in the future is not considered a qualifying misrepresentation merely because the promise subsequently is breached." *Id.* at 484 (citing *In re Bercier*, 934 F.2d 658 (5th Cir. 1991)). However, a misrepresentation of intent "may constitute a false representation within the meaning of the dischargeability provision if, when the representation is made, the debtor has no intention of performing as promised." *Id.*

Under § 523(a)(2)(A), the reliance need not be reasonable. "Reasonable" reliance is required under § 523(a)(2)(B). Section 523(a)(2)(B)(iii) specifically includes the term "reasonable." Section 523(a)(2)(A) does not include the term "reasonable." The Fifth Circuit has held that "the reasonableness of reliance is strong circumstantial evidence in the factual determination regarding actual reliance . . . [but] reasonable reliance is not, as a matter of law, required under section 523(a)(2)(A)." *In re Allison*, 960 F.2d at 485.

The state court judgment specifically found that Long obtained property and services by actual fraud. The jury findings include all findings necessary to succeed on a 523(a)(2)(A) proceeding.

Jury question no. 4 stated:

*"Did United Welding Supplies, Inc. perform compensable work for Robert R. Long?*

Jury question no. 6 stated:

*"Did Robert R. Long commit fraud against United Welding Supplies, Inc.?  Fraud occurs when—*

    *a.     a party makes a material misrepresentation,*
    *b.     the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,*
    *c.     the misrepresentation is made with the intention that it should be acted on by the other party, and*
    *d.     the other party acts in reliance on the misrepresentation and thereby suffers injury.*

> '*Misrepresentation' means a promise of future performance made with an intent, at the time the promise was made, not to perform as promised.*"

The jury answered yes to both questions.  The jury found actual reliance.  That is all that is required.

Long's argument is based on an inaccurate interpretation of the law.  The Fifth Circuit has held that "reasonable reliance" is not a required element of 523(a)(2)(A). *In re Allison*, 960 F.2d at 485.

### B. 11 U.S.C. § 523(a)(6).

Because the Court holds Long's debt to United non-dischargeable under 523(a)(2)(A), the Court does not consider whether the debt is also non-dischargeable under 523(a)(6).

### iii. Ancillary Obligations.

Section 523(a)'s nondischargeability characterization extends to all liabilities that arise from the non-dischargeable debt.  The Supreme Court has stated:

> [T]he text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "'any debt . . . for money, property, services, or . . . credit, to the extend obtained by' fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

*Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998); *In re Gober*, 100 F.3d 1195, 1208 (5th Cir.1996) (" . . . [T]he status of ancillary obligations such as attorney's fees and interest depends on that of the primary debt.  When the primary debt is nondischargeable due to willful and malicious conduct, the attorney's fees and interest accompanying compensatory damages, including post-judgment interest, are likewise nondischargeable.").

13

Long's contention that the attorney's fees and punitive damages are dischargeable is contrary to clear Supreme Court and Fifth Circuit precedent.[3]

### Conclusion

Based on the foregoing, the Court grants United Welding Supplies, Inc.'s summary judgment motion (docket no. 12).  A separate order will be issued.

Signed at Houston, Texas, on December 10, 2007.

MARVIN ISGUR
United States Bankruptcy Judge

---

[3] The Court does not consider whether any sanctions award that may be issued or appellate costs also fall within the ancillary obligations excepted from discharge by 523(a)(2)(A).  United does not seek a discharge exception to a sanctions award or appellate costs.